**George Richard PHILLIPS, Plaintiff,**

v.

**Judge Cornelius J. COLLINS, Defendant.**

**No. 78 C 1412.**

United States District Court,
N. D. Illinois, E. D.

Dec. 7, 1978.

George R. Phillips, pro se.

Wm. J. Scott, Atty. Gen., Chicago, Ill., for defendant.

### ORDER

McMILLEN, District Judge.

Plaintiff, an inmate of Cook County Jail, was found unfit to stand trial on November 9, 1976 in Cook County, Illinois. In the early part of January 1977, the plaintiff was taken to the Circuit Court of Cook County for a determination of his need for mental treatment and hospitalization. The defendant, Judge Collins, was the presiding judge. It is alleged that Judge Collins was aware "that it is unlawful to house an unfit defendant in jail." (Complaint, page 4.) Phillips also asserts that, although he has continuously been found unfit to stand trial, no attempt has been made to re-hospitalize him until he becomes fit to stand trial, and that plaintiff's "civil and human rights" have been violated by this treat-

ment. This action is brought pursuant to 42 U.S.C. § 1983, *pro se.*

As relief plaintiff seeks money damages of ten thousand dollars ($10,000), and an order that plaintiff be remanded to the Department of Mental Health for proper treatment of his mental problems.

Judge Collins was personally served on August 3, 1978. He has not yet answered or otherwise pleaded. We will nonetheless dismiss the complaint against him, for failure to state a claim.

## DISCUSSION

■ Two specific elements are necessary for recovery under § 1983. The plaintiff must first prove that the defendant has deprived him of a right secured by the "Constitution and laws" of the United States. Second, he must show that the defendant was acting under color of state law when the deprivation was committed. *Adickes v. S. H. Kress and Company*, 398 U.S. 144, 150, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). When a judge is sued, plaintiff must also show that he lacked any jurisdiction or authority to act. *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).

■ Plaintiff alleges that the defendant, Judge Collins, had knowledge of the fact "that it is unlawful to house an unfit defendant in jail." The deprivation which the plaintiff asserts is that, despite the finding that he is unfit to stand trial, he has not received proper treatment for his mental problems, and he has been confined in Cook County Jail rather than a hospital. Why he has been confined for more than two years does not appear.

The procedures which are to be followed upon a finding that a person is unfit to stand trial are outlined in *Ill.Rev.Stat.* (1977), Ch. 38, § 1005–2–2. After the court has found that the defendant is unfit to stand trial, he is remanded to a hospital for a determination of whether he is in need of mental treatment. A second hearing is held to determine if treatment is necessary, which is in effect a civil commitment hearing. If the defendant is found not to be in need of mental treatment, the Department of Mental Health shall then petition the trial court to release him on such conditions as the court may find appropriate. § 1005–2–2(a).

The Illinois procedure outlined comports with the requirements outlined in *Jackson v. Indiana*, 406 U.S. 715, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972), which held that if it is determined that a person does not have the capacity to stand trial and there is a substantial probability that he will not attain that capacity in the foreseeable future, two alternatives are then available. The State may either institute civil commitment proceedings or release the unfit person. Although it is not specifically stated in the complaint, the plaintiff's second hearing, held in January 1977, was to determine whether civil commitment and mental treatment were necessary in the plaintiff's situation. Apparently this hearing resulted in a determination that the plaintiff was not in need of mental treatment, although the complaint is unclear.

It is also unclear whether plaintiff's confinement is a result of the Department's failure to petition for his release after the January 1977 hearing, the failure of the plaintiff to meet any bail requirements or conditions of release, or the commission of another offense by plaintiff. However, according to the terms of the statute, the defendant, Judge Collins, did not have a constitutional responsibility towards the plaintiff if hospitalization was unnecessary.

The plaintiff has therefore failed to allege a deprivation by the defendant of a right secured by the "Constitution and laws" of the United States. The Illinois procedures are within the requirements established by *Jackson v. Indiana, supra.* Plaintiff apparently received psychiatric treatment and evaluation, and it was determined that hospitalization was not necessary. Therefore, there is no allegation of a deliberate indifference to serious medical needs of the plaintiff sufficient to state a cause of action under § 1983. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50

L.Ed.2d 251 (1976), *reh. denied* 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1977). See also, *Bowring v. Godwin*, 551 F.2d 44 (4th Cir. 1977).

Therefore, we will dismiss the complaint against Judge Collins *sua sponte* for lack of subject matter jurisdiction, caused by a failure to state a claim cognizable under 42 U.S.C. § 1983. The plaintiff may have an alternate avenue of relief open to him by petitioning for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254. The present § 1983 complaint does not allege that the plaintiff has exhausted his state remedies, which is a prerequisite for *habeas corpus* relief under 28 U.S.C. § 2254.